UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CARMEN DAY,

      Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

Case No. 3:13-cv-177

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 14), Plaintiff's reply (doc. 15), the administrative record (doc. 7),[3] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

I.

A.   **Procedural History**

Plaintiff filed for DIB on March 12, 2009 and for SSI on March 18, 2009 alleging a disability onset date of March 14, 2006, PageID 277-82, which was later amended to January 1, 2009. PageID 91, 130. Plaintiff suffers from a number of impairments including, among others, asthma, diabetes, obesity, bilateral leg swelling, bipolar disorder/depression. PageID 85.

After initial denials of her applications, Plaintiff received a hearing before ALJ Shirley Moscow Michaelson on March 20, 2012. PageID 120-70. On April 18, 2012, the ALJ issued a written decision finding Plaintiff not disabled. PageID 83-108. Specifically, the ALJ's findings were as follows:

1.   The claimant meets the insured status requirements of the Social Security Act through March 31, 2013.

2.   The claimant has not engaged in substantial gainful activity since January 1, 2009, the amended alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3.   The claimant has the following severe impairments: asthma/allergic rhinitis; diabetes mellitus; obesity, lumbago; bilateral leg swelling; and bipolar disorder/depression (20 CFR 404.1520(c) and 416.920(c)).

4.   The claimant does not have an impairment or combination of impairments that meets or medical equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.   After careful consideration of the entire record, I find that the claimant has the residual functional capacity ["RFC"] to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a).[4] The claimant is limited to work that does not require concentrated exposure to pulmonary irritants,

---

[4] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

      work that permits her to get up from her desk at least once an hour for approximately two minutes each time, and work that allows her to elevate her legs up to 12 inches on a stool below her desk. The claimant is limited to work that requires no more than simple, routine, repetitive tasks, infrequent changes in the workplace, and limited independent judgment. The claimant is limited to work that does not require direct contact with the public, and while she can work in proximity to others, she cannot work as part of a team.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on July 26, 1964 and was a younger individual, age 45-49, from her alleged onset date through the present (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because I limit the claimant to unskilled work (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from the amended alleged onset date, January 1, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

PageID 83-108.

      Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 61-64. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

B.     **Evidence of Record**

In her decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 83-108. Plaintiff, in her Statement of Errors, also sets forth an extensive summary of the evidence of record. Doc. 11 at PageID 1689-1701. The Commissioner's response to the Statement of Errors presents no separate statement of facts, offers no objections to the statement of facts presented by Plaintiff, and refers the Court to the ALJ's statement of the evidence. Doc. 14 at PageID 1718-19. Accordingly, except as otherwise noted in this Report and Recommendation, the undersigned incorporates the ALJ's recitation of the evidence as well as Plaintiff's undisputed summary of the evidentiary record.

## II.

A. **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B. "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act.  42 U.S.C. § 423(d)(1)(A).  Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies.  *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations.  20 C.F.R. § 404.1520(a)(4).  Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work

>experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is "disabled" under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred in relying on the opinion of medical expert ("ME") Alan Kravitz, M.D. over the opinions of her treating physicians Stephanie Fronista-Ward, M.D.; Barbara Bennett, D.O.; and Lancing Malusky, M.D. Doc. 11 at PageID 1702.[5] Plaintiff, however, only provides substantive argument challenging the ALJ's analysis of Dr. Bennett's and Dr. Malusky's opinions. Doc. 11 at PageID. With regard to Dr. Fronista-Ward, Plaintiff simply argues that the ALJ erred in using her records in rejecting Dr. Malusky's opinions. Doc. 11 at PageID 1702.

"[T]he Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). Treating physicians and psychologists top the hierarchy. *Id*. "Next in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Id*. "[N]on-examining physicians' opinions are on the lowest rung of the hierarchy

---

[5] Plaintiff also suggests that the ALJ erred by failing to find that her gout was a severe impairment. Doc. 11 at PageID 1704. Plaintiff, however, fails to present any analysis of this issue in her Statement of Errors, and therefore, the Court considers this argument waived. *See Curler v. Comm'r of Soc. Sec.*, 561 F. App'x 464, 475 (6th Cir. 2014) (concluding that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived") (citation omitted). Nevertheless, no reversible error is committed at Step Two where the ALJ determines the claimant has at least one other severe impairment, and then considers all of the claimant's other alleged impairments in the subsequent steps of the disability evaluation. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987).

of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

"An ALJ is required to give controlling weight to 'a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s)' if the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 385 (6th Cir. 2013) (citation omitted) (alterations in original). This requirement is known as the "treating physician" rule. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted). Greater deference is given to treating source opinions "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2); *see also Blakley*, 581 F.3d at 406. Thus, an ALJ must give controlling weight to a treating source if the ALJ finds the treating physician's opinion well-supported by medically acceptable evidence and not inconsistent with other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion." *Blakley*, 581 F.3d at 406-07. "Those good reasons must be 'supported by the evidence in the case record, and must be

7

sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.*

Thus, when the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Id*. at 406; *see also* 20 C.F.R. § 404.1527(c).[6] In addition, unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions according to [these] factors, regardless of their source[.]" *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

The Court acknowledges that an ALJ is not required to accept a physician's conclusion that his or her patient is "unemployable." Whether a person is disabled within the meaning of the Social Security Act is an issue reserved to the Commissioner, and a treating physician's opinion -- that his or her patient is disabled -- is not "give[n] any special significance." 20 C.F.R. § 404.1527(d)(3); *see Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (stating that "[t]he determination of disability is ultimately the prerogative of the Commissioner, not the treating physician"). However, "[t]here remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference." *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009).

---

[6] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12 CV 3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. 404.1527. *Id*.

8

With regard to Dr. Bennett, the ALJ never mentions the concept of "controlling weight" and fails to set forth a specific analysis in making a controlling weight determination. PageID 100. Instead, the ALJ simply restates Dr. Bennett's opinions and assigns those opinions "some weight." *Id*. Specifically, the ALJ disagreed with Dr. Bennett's opinion that Plaintiff "is unable to sit uninterrupted for more than 20 minutes" because such limitation, in the ALJ's opinion, was: (1) "inconsistent with [Plaintiff's] ability to sit for more than an hour at the hearing"; (2) contrary to Plaintiff's daily activities of vacuuming, cooking, running errands and caring for her numerous pets; and (3) not supported by certain, unidentified, physical therapy records. *Id*.

"Putting aside for the moment whether the ALJ had a proper basis for [her] conclusion" the ALJ's perfunctory "analysis does not explain to which aspect of the controlling-weight test this critique is relevant." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376-77 (6th Cir. 2013). This lack of meaningful explanation "for not giving Dr. [Bennett's] opinions controlling weight hinders a meaningful review of whether the ALJ properly applied the treating-physician rule that is at the heart of this regulation." *Id*. at 377 (referring to 20 C.F.R. § 404.1527(c)(2)) (citing *Wilson*, 378 F.3d at 544). Accordingly, the undersigned finds that the ALJ failed to follow the treating physician rule in assessing Dr. Bennett's opinions.[7]

Assuming, *arguendo*, that the ALJ adequately conducted the controlling-weight test -- which the undersigned concludes she did not -- the undersigned further concludes that the ALJ failed to provide good reasons for the ultimate weight given. The mere fact that Plaintiff vacuums, runs errands, cooks and cares for her pets, PageID 140-41, offers no support for the conclusion that Plaintiff can stand for two hours during an eight hour workday on a sustained basis. *Cf. Gayheart*, 710 F.3d at 377 (finding a lack of substantial evidence supporting the ALJ's

---

[7] The undersigned finds that the ALJ also failed to conduct a controlling weight analysis with regard to Dr. Fronista-Ward's opinions. PageID 101.

"apparent implication" that plaintiff's daily "activities are inconsistent with . . . restrictions noted" by plaintiff's treating physician where the "ALJ does not contend, and the record does not suggest, that [plaintiff] could do any of these [daily] activities on *a sustained basis*" (emphasis in original)).

Further, the ALJ's summary of Plaintiff's testimony concerning her daily activities is not supported by Plaintiff's actual testimony. *See* PageID 132, 140-41. With regard to vacuuming and other chores, Plaintiff testified that:

> I run the vacuum in the living room to catch the dog -- the hair, because she lays there and sheds a lot, but I do my dishes, but for only two people, that's not a whole lot. And I take care of my laundry, but that's just two machines, so -- *And those three things take all day*.

PageID 140 (emphasis added). With regard to cooking, Plaintiff testified that she simply cooks chicken in an oven and rice on the stovetop because she is "hardly ever in the kitchen" and "can't stand that long in the kitchen[.]" PageID 141. With regard to her pets, Plaintiff testified that her hermit crabs live in an aquarium and "they're nothing"; and that one of her dogs is twenty years old and "doesn't move anymore." PageID 132. Simply put, these activities of daily living -- as actually testified to by Plaintiff -- lend no support to the contention that Plaintiff is able to stand for two hours during an eight hour workday on a sustained basis. *See Gayheart*, 710 F.3d at 377.

Further, the undersigned concludes that Plaintiff's ability to sit through the administrative hearing without the ALJ noticing "signs of pain or discomfort" is not a good reason for discounting the opinion of a treating physician. *Cf. Kazik v. Comm'r of Soc. Sec.*, No. 13-10036, 2014 WL 861531, at *8 (E.D.Mich. Mar. 5, 2014) (concluding that, contrary to the ALJ's conclusion, "Plaintiff's ability to sit through a half-hour hearing on one occasion is not 'smoking gun' evidence that she could sit for up six hours a day as required to perform sedentary work").

Based on all of the foregoing, the undersigned concludes that the ALJ failed to conduct a controlling weight analysis and failed to give good reasons for the weight ultimately accorded Dr. Bennett's opinions.[8] Accordingly, the ALJ's conclusions in this regard are not supported by substantial evidence. As a result, the ALJ's non-disability finding should be reversed.[9]

## IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to order the award of benefits. Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

In this case, evidence of disability is not overwhelming given the somewhat conflicting opinions of Dr. Fronista-Ward and Dr. Bennett. While Dr. Fronista-Ward concluded that

---

[8] Plaintiff points to no specific opinion rendered by Dr. Maulsky which the ALJ was required to give controlling weight. *See Gleason v. Comm'r of Soc. Sec.*, No. 3:13-cv-231, 2014 U.S. Dist. LEXIS 102462, at *15 (S.D. Ohio July 28, 2014); *cf. Stroud v. Comm'r of Soc. Sec.*, 504 F. App'x 458, 460 (6th Cir. 2012) (concluding that descriptions of plaintiff's "symptoms, diagnoses, and prescriptions" were not "opinion[s] to be given controlling weight"). Accordingly, the Court finds no merit to Plaintiff's contention that the ALJ failed to properly analyze opinion evidence from Dr. Maulsky.

[9] Plaintiff makes no specific argument concerning the ALJ's analysis of the ME's opinion. Doc. 11 at PageID 1702-07. The undersigned concludes that the ALJ properly complied with the 20 C.F.R. § 404.1527, by analyzing the required factors to determine the weight accorded the ME's opinion. However, because the undersigned concludes that remand is appropriate for further proceedings, the undersigned makes no finding as to whether the ALJ's reasons are supported by substantial evidence.

Plaintiff was limited in her ability to walk and stand, she offered no opinion concerning the duration for which Plaintiff can stand and/or walk during the workday.  PageID 1329.  In addition, at least as of late February 2009 -- *i.e.*, approximately two months after Plaintiff's alleged amended onset date -- Dr. Fronista-Ward noted that Plaintiff could return to work soon thereafter if limited to an eight hour workday.  PageID 992.  Accordingly, the undersigned concludes that remand for further proceedings is proper so that the ALJ can meaningfully explain the weight to be accorded all the medical evidence of record.

## V.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.


Date:   August 22, 2014                             *s/ Michael J. Newman*
                                                    Michael J. Newman
                                                    United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).